1  ALVERSON TAYLOR & SANDERS
2  LEANN SANDERS, ESQ.
   Nevada Bar No. 000390
3  JOEL BROWNING, ESQ.
   Nevada Bar No.: 014489
4  6605 Grand Montecito Parkway, Ste. 200
   Las Vegas, NV 89149
5  Telephone:  (702) 384-7000
   efile@alversontaylor.com
6
7  Thomas N. Sterchi (*Pro Hac Vice* motion to be filed)
   Paul S. Penticuff (*Pro Hac Vice* motion to be filed)
8  BAKER STERCHI COWDEN & RICE, L.L.C.
   2400 Pershing Road, Suite 500
9  Kansas City, MO 64108
   Telephone: (816) 471-2121
10 sterchi@bscr-law.com
11 penticuff@bscr-law.com
12 Attorneys for Defendant
   BRACCO DIAGNOSTICS, INC.
13

14                     **UNITED STATES DISTRICT COURT**
                          **DISTRICT OF NEVADA**
                                 ****

15 INGEBORG KLEIN and KARIN KLEIN,          Case No.:  2:18-cv-01424-GMN-VCF

16                    Plaintiffs,

17 vs.

18 BAYER HEALTHCARE PHARMACEUTICALS        **TRIAL BY JURY IS HEREBY**
   INC.; BAYER CORPORATION; BAYER          **DEMANDED**
19 HEALTHCARE LLC, BRACCO DIAGNOSTICS,
   INC.; GUERBET LLC; MALLINKRODT INC.;
20 MALLINKRODT LLC; and LIEBEL-FLARSHEIM
   COMPANY LLC,
21

22                    Defendants.

23            **DEFENDANT, BRACCO DIAGNOSTIC, INC.'S**
              **ANSWER TO PLAINTIFFS' COMPLAINT**
24
              COMES NOW Defendant, Bracco Diagnostics Inc. ("BDI"), and answers and responds
25
   to Plaintiffs' Complaint as follows:
26
   / / /
27
   / / /
28
                                        1

                                                                          LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

## ANSWER TO SECTION ENTITLED
## "PARTIES AND BACKGROUND"

1.      BDI admits that gadolinium is a heavy metal, rare earth element that may or may not be toxic depending on the circumstances.  BDI denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.      BDI is without sufficient information to form a belief as to the truth of allegations in Paragraph 2 of the Complaint regarding the identity, residence, or alleged medical history of Plaintiffs, and therefore must deny the same.  BDI denies that MultiHance® was administered to Plaintiffs.   BDI denies the remaining allegations in Paragraph 2 of the Complaint.

3.      BDI admits that gadolinium is a heavy metal, rare earth element that may or may not be toxic depending on the circumstances.  BDI further states that, on December 19, 2017, the FDA again reiterated that "[g]adolinium retention has not been directly linked to adverse health effects in patients with normal kidney function, and we have concluded that the benefit of all approved GBCAs continues to outweigh any potential risks." To the extent that Paragraph 3 of the Complaint calls for medical or scientific conclusions prior to discovery, any such response by BDI would be premature at this time, and BDI therefore denies the remaining allegations contained in Paragraph 3 of the Complaint.

4.      BDI denies the allegations in Paragraph 4 of the Complaint.  BDI further states that MultiHance® is an FDA-approved contrast agent dispensed by prescription and that the language of its product labeling and package inserts has been approved by the FDA.  BDI further states that, on December 19, 2017, the FDA again reiterated that "[g]adolinium retention has not been directly linked to adverse health effects in patients with normal kidney function, and we have concluded that the benefit of all approved GBCAs continues to outweigh any potential risks."

LS-25838

5.      BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore denies the same.

6.      BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7.      BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8.      BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9.      BDI admits that it markets and sells MultiHance®, an FDA-approved contrast agent dispensed by prescription, but denies the remaining allegations in Paragraph 9 of the Complaint.

10.     BDI admits that it is a Delaware corporation with its principal place of business in New Jersey, and further admits that it is authorized to conduct business in Nevada.  BDI admits that it markets and sells MultiHance®, an FDA-approved contrast agent dispensed by prescription, in the United States, and that MultiHance® is approved by the FDA for such marketing and sale.  BDI denies the remaining allegations in Paragraph 10 of the Complaint.

11.     BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12.     BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13.     BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14.     BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

3

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

15.     BDI is without sufficient information and belief to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16.     The allegations contained in Paragraph 16 of the Complaint do not set forth any factual allegations, and therefore require no response from BDI.  BDI states that, to the extent that allegations in the Complaint are addressed jointly to all defendants without distinction between them, BDI is not a corporate affiliate of unrelated defendants and has no knowledge – actual, constructive, or otherwise – as to actions, conduct, business practices, or behavior of those defendants.  Accordingly, BDI responds solely on its own behalf, and denies knowledge or information as to the truth or falsity of any and all allegations as to the other remaining defendants, unless expressly averred otherwise.

### ANSWER TO SECTION ENTITLED
### "JURISDICTION AND VENUE"

17.     BDI admits that subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332.  BDI denies the remaining allegations in Paragraph 17 of the Complaint.

18.     BDI denies that Plaintiffs have sufficiently pleaded the requisite minimum contacts of BDI with the State of Nevada that would support this Court's or any other Nevada court's exercise of personal jurisdiction over BDI, in that Plaintiffs have failed to sufficiently plead that Plaintiffs were administered MultiHance® within the State of Nevada.  BDI is without sufficient information to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint regarding other defendants, and therefore must deny the same.  BDI denies the remaining allegations in Paragraph 18 of the Complaint.

19.     BDI denies that Plaintiffs have sufficiently pleaded the propriety of venue in this district.

### ANSWER TO SECTION ENTITLED
### "FACTS COMMON TO ALL CAUSES OF ACTION"

20.     BDI is without sufficient information to form a belief as to the truth, meaning or

LS-25838

intent of the allegations in Paragraph 20 of the Complaint regarding Plaintiffs' alleged kidney function, and therefore denies the same. BDI denies that Plaintiff Ingeborg Klein was administered MultiHance®. BDI further states that, on December 19, 2017, the FDA again reiterated that "[g]adolinium retention has not been directly linked to adverse health effects in patients with normal kidney function, and we have concluded that the benefit of all approved GBCAs continues to outweigh any potential risks." BDI denies the remaining allegations in Paragraph 20 of the Complaint.

21.     BDI is without sufficient information to form a belief as to the truth, meaning or intent of the allegations in Paragraph 21 of the Complaint regarding Plaintiffs' alleged medical history, and therefore denies the same. BDI denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017. To the extent that Paragraph 21 of the Complaint calls for medical or scientific conclusions prior to discovery, any such response by BDI would be premature at this time, and BDI therefore denies such allegations. BDI denies the remaining allegations in Paragraph 21 of the Complaint.

22.     BDI denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017. BDI further states that Paragraph 22 of the Complaint calls for medical or scientific conclusions prior to discovery, such that any response by BDI would be premature at this time, and BDI therefore denies the allegations in Paragraph 22. BDI denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     BDI denies the allegations in Paragraph 23 of the Complaint, and further states that MultiHance® is an FDA-approved contrast agent dispensed by prescription and accompanied by FDA-approved labeling and package inserts, and that any and all

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts were approved by the FDA and transmitted to prescribing physicians and/or healthcare providers.

24.     BDI denies the allegations in Paragraph 24 of the Complaint.

25.     BDI denies the allegations in Paragraph 25 of the Complaint.

26.     In response to Paragraph 26 of the Complaint, BDI admits that MultiHance® is an FDA-approved contrast agent dispensed by prescription and accompanied by FDA-approved labeling and package inserts. BDI further admits that any and all contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts were approved by the FDA and transmitted to prescribing physicians and/or healthcare providers. BDI fulfilled its obligation under the law to provide adequate warnings and instructions. BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017. BDI denies the remaining allegations contained in Paragraph 26 of the Complaint.

27.     BDI denies the allegations in Paragraph 27 of the Complaint.

28.     BDI denies the allegations in Paragraph 28 of the Complaint.

29.     BDI denies the allegations in Paragraph 29 of the Complaint.

30.     BDI denies the allegations in Paragraph 30 of the Complaint.

31.     BDI denies the allegations in Paragraph 31 of the Complaint.

32.     BDI states that the allegations contained in Paragraph 32 of the Complaint are vague and ambiguous, such that BDI is unable to formulate a response, in that it is not clear what is meant by "the inventors of linear gadolinium-based contrast agents," and therefore denies the allegations contained in Paragraph 32. To the extent that Paragraph 32 of the

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

Complaint calls for medical or scientific conclusions prior to discovery, any such response by BDI would be premature at this time, and BDI therefore denies such allegations.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

33.     Paragraph 33 of the Complaint calls for medical or scientific conclusions prior to discovery, such that any response by BDI would be premature at this time, and BDI therefore denies the allegations contained in Paragraph 33 of the Complaint.

34.     BDI is without sufficient information to form a belief as to the truth, meaning or intent of the allegations contained in Paragraph 34 of the Complaint regarding Magnevist, and therefore denies the same.  To the extent that Paragraph 34 of the Complaint calls for medical or scientific conclusions prior to discovery, any such response by BDI would be premature at this time, and BDI therefore denies such allegations.

35.     Paragraph 35 of the Complaint calls for medical or scientific conclusions prior to discovery, such that any response by BDI would be premature at this time, and BDI therefore denies the allegations contained in Paragraph 35.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

36.     Paragraph 36 of the Complaint calls for medical or scientific conclusions prior to discovery, such that any response by BDI would be premature at this time, and BDI therefore denies the allegations contained in Paragraph 36.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

37.     Paragraph 37 of the Complaint calls for medical or scientific conclusions prior to discovery, such that any response by BDI would be premature at this time, and BDI therefore

LS-25838

denies the allegations contained in Paragraph 37.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

38.     Paragraph 38 of the Complaint calls for medical or scientific conclusions prior to discovery, such that any response by BDI would be premature at this time, and BDI therefore denies the allegations contained in Paragraph 38.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

39.     BDI denies the allegations in Paragraph 39 of the Complaint.

40.     BDI is without sufficient information to form a belief as to the truth, meaning or intent of the allegations contained in Paragraph 40 of the Complaint regarding Omniscan, and therefore denies the same.  To the extent that Paragraph 40 of the Complaint calls for medical or scientific conclusions prior to discovery, any such response by BDI would be premature at this time, and BDI therefore denies such allegations.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

41.     BDI is without sufficient information to form a belief as to the truth, meaning or intent of the allegations contained in Paragraph 41 of the Complaint regarding Magnevist, and therefore denies the same.  To the extent that Paragraph 41 of the Complaint calls for medical or scientific conclusions prior to discovery, any such response by BDI would be premature at this time, and BDI therefore denies such allegations.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

42.     BDI denies the allegations in Paragraph 42 of the Complaint.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

43.     Paragraph 43 of the Complaint calls for medical or scientific conclusions prior to discovery, such that any response by BDI would be premature at this time, and BDI therefore denies the allegations contained in Paragraph 43.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

44.     In response to Paragraph 44 of the Complaint, BDI admits that MultiHance® is an FDA-approved contrast agent dispensed by prescription and accompanied by FDA-approved labeling and package inserts.  BDI further admits that any and all contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts was approved by the FDA and transmitted to prescribing physicians and/or healthcare providers.  BDI fulfilled its obligation under the law to provide adequate warnings and instructions.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.  BDI denies the remaining allegations contained in Paragraph 44 of the Complaint.

45.     In response to Paragraph 45 of the Complaint, BDI admits that the FDA warning regarding nephrogenic systemic fibrosis speaks for itself.  BDI further admits that MultiHance® is an FDA-approved contrast agent dispensed by prescription and accompanied by FDA-approved labeling and package inserts.  BDI further admits that any and all contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts were approved by the FDA and transmitted to prescribing physicians and/or healthcare providers.  BDI fulfilled its obligation under the law to provide adequate warnings and instructions.  To the extent that Paragraph 45 of the Complaint calls for medical or scientific conclusions prior to discovery, any such response by BDI would be premature at this

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

time, and BDI therefore denies such allegations.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.  BDI denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     BDI admits that MultiHance® is an FDA-approved contrast agent dispensed by prescription and accompanied by FDA-approved labeling and package inserts.  BDI further admits that any and all contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts were approved by the FDA and transmitted to prescribing physicians and/or healthcare providers.  BDI denies the remaining allegations in Paragraph 46 of the Complaint.

47.     BDI states that the allegations contained in Paragraph 47 of the Complaint do not constitute "a short and plain statement" of Plaintiff's alleged claim, such that BDI is unable to formulate a response.  BDI denies that it was ever found liable for causing NSF.  BDI admits that MultiHance® is an FDA-approved contrast agents dispensed by prescription and accompanied by FDA-approved labeling and package inserts.  BDI further admits that any and all contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts was approved by the FDA and transmitted to prescribing physicians and/or healthcare providers.  BDI fulfilled its obligation under the law to provide adequate warnings and instructions.  BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.  BDI denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     BDI admits that the medical community does not recognize any disease associated with gadolinium other than NSF.  BDI further denies that gadolinium retention, if

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

1  any, has been found to cause adverse health effects in patients with normal kidney function, as

2  the FDA again reiterated on December 19, 2017.   BDI denies the remaining allegations in

3  Paragraph 48 of the Complaint.

4      49.    BDI denies the allegations in Paragraph 49 of the Complaint.

5      50.    BDI is without sufficient information to form a belief as to the truth of the

6  allegations in Paragraph 50 of the Complaint, and therefore must deny the same.   BDI further

7  denies that gadolinium retention, if any, has been found to cause adverse health effects in

8  patients with normal kidney function, as the FDA again reiterated on December 19, 2017.

9

10      51.    Paragraph 1 of the Complaint calls for medical or scientific conclusions prior to

11  discovery, such that any response by BDI would be premature at this time, and BDI therefore

12  denies the allegations contained in Paragraph 51.   BDI further denies that gadolinium retention,

13  if any, has been found to cause adverse health effects in patients with normal kidney function,

14  as the FDA again reiterated on December 19, 2017.

15

16      52.    Paragraph 52 of the Complaint calls for medical or scientific conclusions prior to

17  discovery, such that any response by BDI would be premature at this time, and BDI therefore

18  denies the allegations contained in Paragraph 52.   BDI further denies that gadolinium retention,

19  if any, has been found to cause adverse health effects in patients with normal kidney function,

20  as the FDA again reiterated on December 19, 2017.

21      53.    In response to Paragraph 53 of the Complaint, BDI states that the FDA's public

22  statement speaks for itself.   BDI further admits that MultiHance® is an FDA-approved contrast

23  agent dispensed by prescription and accompanied by FDA-approved labeling and package

24  inserts.   BDI further admits that any and all contraindications, warnings, precautions, adverse

25  reactions, and/or other information in the MultiHance® labeling and package inserts were

26  approved by the FDA and transmitted to prescribing physicians and/or healthcare providers.

27

28

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

BDI fulfilled its obligation under the law to provide adequate warnings and instructions. BDI further denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017. BDI denies the remaining allegations contained in Paragraph 53 of the Complaint.

54. In response to Paragraph 54 of the Complaint, BDI states that the FDA's advisory committee's vote speaks for itself. BDI further admits that MultiHance® is an FDA-approved contrast agent dispensed by prescription and accompanied by FDA-approved labeling and package inserts. BDI further admits that any and all contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts were approved by the FDA and transmitted to prescribing physicians and/or healthcare providers. BDI fulfilled its obligation under the law to provide adequate warnings and instructions. BDI denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017. BDI denies the remaining allegations contained in Paragraph 54 of the Complaint.

55. In response to Paragraph 55 of the Complaint, BDI admits the issuance of the May 2018 warning, and states that the document speaks for itself. BDI denies the allegations contained in Paragraph 55 of the Complaint to the extent that they are inconsistent with the content of the May 2018 document. BDI further admits that MultiHance® is an FDA-approved contrast agent dispensed by prescription and accompanied by FDA-approved labeling and package inserts. BDI further admits that any and all contraindications, warnings, precautions, adverse reactions, and/or other information in the MultiHance® labeling and package inserts were approved by the FDA and transmitted to prescribing physicians and/or healthcare providers. BDI fulfilled its obligation under the law to provide adequate warnings and

LS-25838

instructions.  BDI denies that gadolinium retention, if any, has been found to cause adverse health effects in patients with normal kidney function, as the FDA again reiterated on December 19, 2017.  BDI denies the remaining allegations contained in Paragraph 55 of the Complaint, including each and every subpart thereof.

56.     BDI denies the allegations in Paragraph 56 of the Complaint.

## ANSWER TO SECTION ENTITLED
## "FIRST CAUSE OF ACTION STRICT PRODUCT LIABILITY: FAILURE TO WARN"

57.     In response to Paragraph 57 of the Complaint, BDI adopts, realleges and incorporates herein by reference its answers, affirmative defenses and other matters constituting an avoidance as set forth in paragraphs 1-56 of this Answer and in its Affirmative and Other Defenses.

58.     BDI admits that Plaintiffs have attempted to assert causes of action for personal injuries and seek to recover damages herein.  BDI denies that Plaintiffs are entitled to any recovery from this defendant, and denies the remaining allegations in Paragraph 58 of the Complaint.

59.     BDI admits that Plaintiffs have attempted to assert causes of action for personal injuries and seek to recover damages herein.  BDI denies that Plaintiffs are entitled to any recovery from this defendant, and denies the remaining allegations in Paragraph 59 of the Complaint.

60.     BDI denies the allegations contained in Paragraph 60 of the Complaint.

61.     BDI denies the allegations contained in Paragraph 61 of the Complaint.

62.     BDI denies the allegations contained in Paragraph 62 of the Complaint.

63.     BDI denies the allegations contained in Paragraph 63 of the Complaint.

64.     BDI denies the allegations contained in Paragraph 64 of the Complaint.

WHEREFORE, BDI prays that Plaintiffs take nothing by way of the First Cause of

13

LS-25838

1  Action in their Complaint, for judgment in BDI's favor as to Plaintiffs' First Cause of Action, for

2  BDI's costs and fees incurred herein, and for such further relief deemed just and proper.

### ANSWER TO SECTION ENTITLED
### "SECOND CAUSE OF ACTION NEGLIGENCE"

65.    In response to Paragraph 65 of the Complaint, BDI adopts, realleges and incorporates herein by reference its answers, affirmative defenses and other matters constituting an avoidance as set forth in paragraphs 1-64 of this Answer and in its Affirmative and Other Defenses.

66.    BDI admits that Plaintiffs have attempted to assert causes of action for personal injuries and seek to recover damages herein.  BDI denies that Plaintiffs are entitled to any recovery from this defendant, and denies the remaining allegations in Paragraph 66 of the Complaint.

67.    BDI admits that Plaintiffs have attempted to assert causes of action for personal injuries and seek to recover damages herein.  BDI denies that Plaintiffs are entitled to any recovery from this defendant, and denies the remaining allegations in Paragraph 67 of the Complaint.

68.    To the extent Paragraph 68 of the Complaint states legal conclusions, no response is required.  To the extent BDI may be required to respond, BDI denies that it breached any duty, and denies the remaining allegations contained in Paragraph 68 of the Complaint.

69.    BDI denies the allegations contained in Paragraph 69 of the Complaint.

70.    BDI denies the allegations contained in Paragraph 70 of the Complaint.

71.    BDI denies the allegations contained in Paragraph 71 of the Complaint.

72.    BDI denies the allegations contained in Paragraph 72 of the Complaint.

73.    BDI denies the allegations contained in Paragraph 73 of the Complaint.

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

WHEREFORE, BDI prays that Plaintiffs take nothing by way of the Second Cause of Action in their Complaint, for judgment in BDI's favor as to Plaintiffs' Second Cause of Action, for BDI's costs and fees incurred herein, and for such further relief deemed just and proper.

## ANSWER TO SECTION ENTITLED
## "PRAYER FOR RELIEF"

BDI denies that Plaintiffs are entitled to any relief as requested in their "Prayer for Relief."

## AFFIRMATIVE AND OTHER DEFENSES

By alleging the matters set forth below, BDI does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of these matters.  If necessary and/or in the alternative, BDI raises the following defenses available in the State of Nevada and any State or Commonwealth of the United States whose laws might be deemed controlling in this case, but reserves the right to amend its Answer to raise any additional defenses which it may have against Plaintiffs' claims:

1.      Plaintiffs' claims and causes of action are barred by the applicable statute of limitations, and/or repose, and/or may be otherwise untimely.

2.      Plaintiffs fail to state a claim upon which relief can be granted.

3.      Plaintiffs fail to plead their claims against BDI with sufficient particularity.

4.      MultiHance® is a contrast imaging agent which is available only upon prescription of a licensed physician.  Any warnings that BDI gave were transmitted to prescribing physicians and/or healthcare providers.  Under applicable state law, BDI fulfilled its obligation to provide adequate warnings and instructions.  Plaintiffs' claims are therefore barred pursuant to the learned intermediary doctrine.

5.      If Plaintiffs sustained the injuries or damages as alleged, said injuries and expenses were directly and proximately caused by the acts and omissions (wrongful or

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

LS-25838

otherwise),negligence, sole fault, misuse, abuse, modification, alteration, omission, or fault of one or more parties other than BDI over whom BDI had no supervision or control and for whose actions and omissions BDI has no legal responsibility. BDI is not liable for negligence and violated no duty that may have been owed to Plaintiffs.

6.      BDI's activities conformed to all state and federal statutes, regulations, and industry standards based upon the state of the knowledge that existed at the time.

7.      Plaintiffs' recovery is barred and/or should be reduced under the applicable law because of Plaintiffs' contributory negligence or fault, comparative negligence or fault, culpable conduct, intentional acts, assumption of risk, and/or want of care.

8.      Plaintiffs' injuries and damages, if any, resulted from an intervening or superseding cause or causes and any act or omission on the part of BDI was not the proximate and/or competent producing cause of such alleged injuries or damages.

9.      Plaintiffs' Complaint fails to state a claim upon which relief can be granted in that the methods, standards and techniques utilized with respect to the design, manufacture, marketing, distribution, and sale of MultiHance®, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art.  The product in question, including its FDA-approved labeling, complied with the state of scientific and medical knowledge available to BDI at the time of its manufacture, distribution, and sale.

10.     With respect to each and every purported cause of action, the acts of BDI were at all times done in good faith and without malice.

11.     Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

12.     Plaintiffs' claims are barred in whole or in part because BDI provided legally adequate "directions or warnings" as to the use of the product at issue within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

13.     Plaintiffs' claims are barred as a matter of law pursuant to Sections 2, 4, 6(c), 6(d) and comment f to Section 6, of the Restatement (Third) of Torts: Products Liability.

14.     With respect to each and every cause of action, Plaintiffs cannot state claims founded in strict liability because, among other things, comments j and k to Section 402A of the Restatement (Second) of Torts relegate Plaintiffs' claims to a negligence cause of action.

15.     MultiHance® complied with all applicable state and federal statutes regarding the product in question, including product safety regulations promulgated by the FDA and contained in Chapter 21 of the Code of Federal Regulations as well as the industry standards based upon the state of knowledge existing at the relevant time alleged in by the Complaint.  The product at issue was reasonably fit, suitable, and safe for its intended uses, demonstrating that due care was exercised with respect to the design, manufacture, testing, marketing, distribution, and sale of MultiHance®.   In the event that Plaintiffs' claims are not barred, BDI is entitled to a presumption that the product in question is free from any defect or defective condition as the plans or design for the product or the methods and techniques of manufacturing, inspecting, and testing the product were in conformity with government standards established for the industry that were in existence at the time the plans or designs for the product or the methods and techniques of manufacturing, inspecting, and testing the product were adopted.

16.     Plaintiffs' claims are barred because MultiHance® was neither defective nor unreasonably dangerous in its design, manufacture, distribution, or marketing, and was reasonably safe and reasonably fit for its intended uses, thereby barring Plaintiffs' recovery.

LS-25838

17.   If Plaintiffs sustained the injuries or damages as alleged, said injuries or damages were caused by the unforeseeable alteration, improper handling, or other unforeseeable misuse of MultiHance®, thereby barring Plaintiffs' recovery against BDI.

18.   Plaintiffs' claims are barred to the extent Plaintiffs knew the condition of MultiHance®, appreciated the risks of injury flowing from use of the product, and nevertheless proceeded to use the product without regard to the danger of such risks.  As a result, Plaintiffs gave informed consent and/or assumed the risk of injury of which they now complain.

19.   Plaintiffs' claims are barred to the extent Plaintiffs' prescribing health care provider knew the condition of MultiHance®, appreciated the risks of injury flowing from use of the product, and nevertheless proceeded to use the product in the exercise of the prescribing health care provider's medical judgment.

20.   The extent of any risk associated with the use of the product at issue, the existence of which is not admitted, was, at the time of the distribution of said products by BDI, unknown and could not have been known by the use of ordinary care.

21.   The public interest in the benefit and availability of the products which are the subject matter of this action precludes liability, if any, resulting from any activities undertaken by BDI, which were unavoidable given the state of human knowledge at the time those activities were undertaken.  With respect to Plaintiffs' claims, if it is determined there exists a risk inherent in the subject products, then such risk, if any, is outweighed by the benefits of the products.

22.   Plaintiffs' failure to warn claim is barred given that BDI had no duty to warn of risks of which it neither knew nor should have known at the time the products were designed, distributed, and manufactured.

23.   Plaintiffs' injuries and damages, if any, were the result of an idiosyncratic reaction that BDI could not have reasonably foreseen, thereby barring Plaintiffs' recovery.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

18

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

24.     Plaintiffs' claims are barred because the alleged injuries and damages, if any, were caused by medical conditions, disease, illness, or processes (whether pre-existing or contemporaneous) unrelated to any conduct of BDI or condition of MultiHance®, thereby barring Plaintiffs' recovery.

25.     Plaintiffs have not sustained an ascertainable loss of property or money, nor any actual injury or damages.

26.     Plaintiffs' claims are barred under the doctrine of economic loss.

27.     Plaintiffs failed to mitigate their alleged damages.

28.     BDI's advertisements and labeling with respect to the products which are the subject of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the Unites States Constitution and this State.

29.     BDI is entitled to protection under the *Noerr-Pennington* doctrine, which provides that parties who exercise their First Amendment right to communicate and/or petition the government are immune from liability premised on any such efforts.

30.     BDI denies any liability, but if BDI is ultimately found liable to Plaintiffs, then it should only be liable for its equitable share of Plaintiffs' recovery since any liability which would be found against BDI will be insufficient to impose joint liability.

31.     If Plaintiffs recover from BDI, BDI is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose negligence or fault proximately caused or contributed to cause the Plaintiffs' alleged damages.

32.     Any verdict or judgment rendered against BDI must be reduced by those amounts that have, or will, with reasonable certainty, replace or indemnify Plaintiffs in whole or in part,

LS-25838

for any past or future claimed economic loss from any collateral source, such as insurance, social security, worker's compensation, or employee benefit programs.

33.     Plaintiffs' damages, if any, are barred or reduced by the doctrine of avoidable consequences.

34.     To the extent Plaintiffs have settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, BDI's liability, if any, should be precluded or reduced accordingly.

35.     To the extent Plaintiffs seek recovery of punitive or exemplary damages against BDI, unless BDI's liability for punitive damages and the appropriate amount of punitive damages is required to be established by clear and convincing evidence, any award of punitive damages would violate BDI's constitutional rights, including but not limited to those under the due process clauses in the Fifth and Fourteenth Amendments to the United States Constitution and any applicable state constitution, and would be improper under the common law, public policies, applicable statutes and court rules of the applicable states to these amendments and the excessive fines clause in the Eighth Amendment to the Constitution of the United States and double jeopardy clause in the Fifth Amendment to the Constitution of the United States.

36.     To the extent Plaintiffs seek recovery of punitive or exemplary damages against BDI, any such claim of Plaintiffs for punitive damages against BDI cannot be maintained because there was no act or omission by BDI that was oppressive, fraudulent, or malicious. Additionally, any award of punitive damages under the applicable law would be unlawful and unauthorized, and would be void for vagueness, both facially and as applied, as a result of, among other deficiencies, the absence of adequate notice of what conduct is subject to punishment; the absence of adequate notice of what punishment may be imposed; and the absence of a predetermined limit, such as a maximum multiple of compensatory damages or a

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

LS-25838

maximum amount of punitive damages that a jury may impose, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, the applicable state constitution, and the common law and public policies of that state.

37.     To the extent Plaintiffs seek recovery of punitive damages against BDI, any such claim of Plaintiffs for punitive damages against BDI cannot be maintained because any award of punitive damages under the applicable law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including residence, wealth, and corporate status of BDI, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is permitted to award punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, if any, to Plaintiff, (6) is permitted to award punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any, (7) is not subject to adequate, independent, de novo trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards and in conformity with the United States Constitution as amended or any applicable State constitution.   Any such verdict would violate BDI's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

LS-25838

process and equal protection provisions of any applicable state constitution, and would be improper under the common law and public policies of that state.

38.     Additionally, punitive damages may not be recovered to the extent such damages are: (1) imposed where state law is impermissibly vague, imprecise, or inconsistent, (2) subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, or (3) imposed on the basis of anything other than BDI's conduct within the State where Plaintiffs reside, or in any other way subjecting BDI to impermissible multiple punishment for the same alleged wrong.

39.     To the extent Plaintiffs seek recovery of punitive or exemplary damages against BDI, any award of punitive damages based on anything other than BDI's conduct in connection with the design, manufacture, and sale of MultiHance® would violate the due process clause of the Fourteenth Amendment of the United States Constitution and the due process provisions of the applicable state constitution, and would be improper under the common law and public policies of that state, because any other judgment for punitive damages in this case cannot protect BDI against impermissible punishment for the same wrong and against punishment for extraterritorial conduct, including conduct that is lawful in states other than the applicable state. In addition, any award would violate principles of comity under the laws of that state.

40.     BDI incorporates by reference all standards of limitations regarding the determination and enforceability of punitive damage awards as applied to the state and federal courts under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including but not limited to standards set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and their progeny.

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

LS-25838

41.    BDI asserts the provisions of all applicable statutory caps on damages of any sort, including compensatory, punitive, non-economic or exemplary damages, under applicable regulations and/or laws.

42.    There was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by Plaintiffs or reduced the alleged risk, without substantially impairing the usefulness, safety, efficacy, or intended purpose of MultiHance®, thereby barring Plaintiffs' recovery.

43.    To the extent Plaintiffs' claims are based on alleged misrepresentations or omissions made to the FDA, such claims are barred pursuant to *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341 (2001).

44.    The BDI products at issue have been formulated, designed, tested, manufactured, processed, distributed, and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C.§ 301, *et seq.,* and regulations promulgated thereunder.  Therefore, Plaintiffs' claims predicated on state tort law and alleging that MultiHance® is unsafe are barred, in whole or in part, by the doctrine of federal preemption and the Supremacy Clause of the United States Constitution, Article IV, clause 2.

45.    To the extent that Plaintiffs assert claims based on BDI's adherence to and compliance with applicable state laws, regulations, and rules, such claims are preempted by federal law under the Final Rule, Requirements on Content and Format of Labeling for Human Prescription Drug and Biologic Products, FDA Docket No. 2000N-1269 (January 24, 2006).

46.    Plaintiffs' claims are barred and/or this Court should defer this matter, in whole or in part, pursuant to the doctrine of primary jurisdiction; the FDA is charged under the law with regulating drugs, including the products at issue, and is specifically charged with determining the content of warnings and labeling for drugs.

LS-25838

47.    Plaintiffs' claims may be barred by failure to join an indispensable party or real party in interest necessary for the just adjudication of this matter.

48.    BDI is entitled to the protections and limitations afforded under the law of Plaintiffs' state of residence and any other state whose law is deemed to apply in this case.

49.    To the extent Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate BDI's rights under the United States Constitution.

50.    Plaintiffs received all or substantially all of the benefit from the subject product that Plaintiffs hoped and intended to receive, and to that extent, any damages and/or restitution that Plaintiffs might be entitled to recover from BDI must be correspondingly barred or reduced.

51.    Plaintiffs' claims are barred by laches, waiver, accord and satisfaction, payment, release, res judicata, estoppel, spoliation of evidence, and/or the applicability of arbitration and award.

52.    This case may be subject to dismissal or stay on the grounds of *forum non conveniens*.

53.    Plaintiffs are not entitled to recover attorneys' fees under any applicable law.

54.    The Complaint fails to give BDI reasonable notice of facts sufficient to complete a choice of law analysis.  Pending a determination of applicable law, BDI has pleaded applicable affirmative defenses under Nevada law, and reserves the right to assert further or additional affirmative defenses if it is determined that such defenses exist under the law of the state(s) in which Plaintiffs reside or were allegedly first injured.

55.    BDI adopts, by reference, each and every defense asserted by any other defendant in this matter that are applicable to BDI.

/ / /

/ / /

LS-25838

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

**PRAYER**

WHEREFORE, Defendant Bracco Diagnostics, Inc. prays that:

1.    Plaintiffs take nothing by reason of their Complaint;

2.    The Complaint against this defendant be dismissed in its entirety;

3.    Defendant recover its costs; and

4.    This Court award such other relief as this Court may deem just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Defendant Bracco Diagnostics, Inc. demands trial by jury on all claims so triable.

Dated this ___19ᵗʰ___ day of September, 2018.

ALVERSON TAYLOR & SANDERS


By_____
    LEANN SANDERS, ESQ.
    Nevada Bar No.: 000390
    JOEL BROWNING, ESQ.
    Nevada Bar No.: 014489
    6605 Grand Montecito Parkway, Ste. 200
    Las Vegas, NV 89149
    (702) 384-7000
    efile@alversontaylor.com

    Thomas N. Sterchi (*Pro Hac Vice* motion to be filed)
    Paul S. Penticuff (*Pro Hac Vice* motion to be filed)
    BAKER STERCHI COWDEN & RICE, L.L.C.
    2400 Pershing Road, Suite 500
    Kansas City, MO 64108
    Telephone: (816) 471-2121
    sterchi@bscr-law.com
    penticuff@bscr-law.com

    Attorneys for Defendant
    BRACCO DIAGNOSTICS, INC.

1

## CERTIFICATE OF SERVICE

2

3     Pursuant to FRCP 5, I hereby certify that I am an employee of ALVERSON, TAYLOR, & SANDERS and that on the 19th day of September, 2018, I caused to be served via CM/ECF

4    a true and correct copy of **DEFENDANT, BRACCO DIAGNOSTIC, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT**.

5     Robert J. Drakulich, Esq.

6     Nicholas J. Drakulich, Esq.
      THE DRAKULICH FIRM, APLC

7     245 E. Liberty Street, Ste. 510
      Reno, NV  89501

8

9     Todd A. Walburg (Pro Hac Vice Pending)
      CUTTER LAW, P.C.

10    401 Watt Avenue
      Sacramento, CA  95864

11

12    *Attorneys for Plaintiffs*

13

14                                          _____
      An Employee of

15    ALVERSON TAYLOR & SANDERS

16    n:\leann.grp\cases\25838\pleadings\answer.doc

17

18

19

20

21

22

23

24

25

26

27

28

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149

LS-25838